IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LORETTA STEPHENS, ID # 646565, )<br>       Petitioner, )<br>vs. )<br>  )<br>DOUGLAS DRETKE, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>       Respondent. ) | No. 3:04-CV-0910-M |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I.  BACKGROUND

A.  Nature of the Case

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge her conviction for forgery in Cause No. F-01-49744-M. Respondent is Douglas Dretke, Director of TDCJ-CID.

B.  Procedural History

On May 14, 2001, petitioner was convicted of forgery on her plea of guilty in Dallas County, and was sentenced to five years imprisonment. (Pet. Writ Habeas Corpus (Pet.) at 2.) On July 2, 2002, the court of appeals affirmed her conviction. (*Id.* at 3.) She filed no petition for discretionary

review. (*See id.*) On August 27, 2003, she filed a state petition for writ of habeas corpus that the Texas Court of Criminal Appeals denied on January 14, 2004. (*Id.* at 3-4.)

Petitioner filed the instant federal petition on April 23, 2004, when she placed it in the prison mail system. (*Id.* at 9); *see also Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Petitioner claims that her conviction was obtained by an unlawfully induced guilty plea and in violation of her privilege against self-incrimination. (Pet. at 7.) She also claims that her attorney rendered ineffective assistance of counsel by advising her to delay acceptance of a plea bargain. (*Id.*) She further claims that insufficient evidence supports her conviction. (*Id.* at 8.) In August 2004, petitioner filed a brief in support of her federal petition wherein she sets forth the history of her case, responds to the trial court's specific findings of fact and conclusions of law related to her state habeas application, and responds to the State's response to her state application. (*See* Brief at 1-18.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to her petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action

in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented her from filing her federal petition. Nor does she base her petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which she knew or should have known with the exercise of due diligence the facts supporting her claims.

With regard to subparagraph (A), the date petitioner's conviction became final, petitioner appealed her conviction in this case but filed no petition for discretionary review (PDR). The state conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*, thirty days after the appellate court rendered its judgment on July 2, 2002. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). Petitioner's state judgment of conviction thus became final on August 1, 2002.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final on August 1, 2002. At or before

3

trial, petitioner would have known, or should have known through the exercise of due diligence, the factual predicate of each of the claims raised in the instant federal petition.

Because petitioner filed her April 23, 2004 petition more than one year after her conviction became final on August 1, 2002, a literal application of § 2244(d)(1) renders her filing untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which her state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed her state petition on August 27, 2003, the statutory limitations period had already expired because her conviction became final on August 1, 2002. Thus, the statutory tolling provision does not save the April 23, 2004 federal petition. Further, nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 30th day of November, 2005.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE